**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name:  06a0058n.06
Filed:  January 20, 2006

**04-4498**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JAMES L. RANDOLPH,                          )
                                            )
          Plaintiff-Appellant,              )
                                            )
v.                                          )   ON APPEAL FROM THE UNITED
                                            )   STATES DISTRICT COURT FOR THE
GENERAL MOTORS CORPORATION et    )   SOUTHERN DISTRICT OF OHIO
al.,                                        )
                                            )
          Defendants-Appellees.             )

Before:  DAUGHTREY and COLE, Circuit Judges, and BARZILAY,[*] Judge.

PER CURIAM.  The plaintiff in this ERISA case, James Randolph, was a 30-year

employee of defendant General Motors Corporation (GMC) at the time of his termination

for cause in August 2002.  As a long-term employee, he was entitled to receive pension

benefits but was denied early retirement benefits under GMC's retirement plan because of

his discharge for cause.  He sued GMC and the company's ERISA plan administrator,

claiming that the "[d]efendants ha[d] arbitrarily and capriciously breached their obligations

set forth in the [GMC] Plan" in denying the supplemental benefits.  Applying the "arbitrary

and capricious" standard in reviewing the plan administrator's decision, the district court

---

[*]The Hon. Judith M. Barzilay, Judge of the United States Court of International Trade, sitting by
designation.

found that there was "no genuine issue of fact but that the administrator did not abuse his discretion in determining that Randolph was ineligible" for early retirement benefits and granted summary judgment to the defendants.

On appeal, the plaintiff raises essentially two issues, contending: (1) that the district court should not have applied the arbitrary-and-capricious standard and, therefore, (2) that the court "failed to properly consider whether GM had cause to deny Randolph his early retirement benefit[s]." Our response to these claims is deservedly succinct. The district court correctly recognized that there was no dispute about the standard of review to be applied to review of the administrator's decision: the plaintiff had not only implicitly pleaded the arbitrary-and-capricious standard in his complaint (*see* J.A. 12), but he also reiterated the arbitrary-and-capricious standard in the draft of a final pretrial order that he submitted (*see* J.A. 349). Hence, any question about the proper standard of review has been waived in the district court. It follows that the district court cannot be said to have "failed to properly consider" the decision made by GMC's plan administrator, because the court's consideration was carried out using the very standard of review that the plaintiff had asked the court to apply.

Although the merits of the decision to terminate Randolph's employment are not directly in issue, we have reviewed that question as well, and we conclude that the record firmly supports the district court's decision that the company had good cause to terminate the plaintiff and that there was, therefore, no abuse of discretion by the plan administrator

in denying the benefits at issue.  Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose.  Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its order entered on November 16, 2004.